Read, J.
The simple question in this case is, which had the
preferable lien, the judgment or mortgage. It is contended that the judgment lien, taking effect from the first day of the term, includes the entire day, upon the principle that a day in law is not divisible, and is therefore older and superior to that of the *95 mortgage. The statute provides that the lands and tenements of the debtor shall be bound for the satisfaction of any judgment against the debtor from the first day of the term at which judgment shall be rendered. Mortgages take effect, and have preference, from the time the same are delivered to the recorder of the proper county, to be by him entered on record. If the judgment lien attaches from midnight, on the day the term of court commenced, it is older and better than that of the mortgage; but if the judgment lien attaches only from the time the court actually convened its session on the first day of its term, then the mortgage lien is older and must prevail. The word day, in law, embraces the entire day; but that a day in law is not divisible, is a mere fiction, only observed for the purposes of justice, and never adhered to when it would work mischief. When rights attach from the order of courts, the event must be regarded, and not the name of that fraction of time called a day. From what time does the statute intend the judgment lien to attach? From the first day of the term, would exclude the first day, and the judgment lien would only attach with the commencement of the second day. If this construction were permitted, it would allow a lien to attach superior to that of the judgment, even after judgment had been rendered. If a debtor, in the forepart of the first day of the term, should have judgment rendered against him, he might dispose of his whole lands and tenements, in the afterpart of the day, so as to put them beyond the reach of execution. This may *be done now, after suit brought, if before the term at which judgment shall be rendered. The object of the law undoubtedly was, to prevent men from disposing of their lands and tenements, after judgment was rendered against them, as the temptation would be stronger to do so than before judgment, and as most litigants have some hopes of success up to that time. But if the lien only attached from the time of the judgment, in several suits against the same person, that first in order upon the docket would have the advantage. It is, therefore, provided that all judgments rendered at the same term, shall attach as liens from the same time. This puts them upon an equality. The term, in this respect, is regarded as one day. Looking, then, to the object of the law, wo make the word from inclusive, which in its usual signification is exclusive. It is necessary to give the word from this interpretation, in order that judgment liens should attach from the beginning of the term. *96 The object of the legislature undoubtedly was, that all judgments should attach as liens from the beginning of the term at which they were rendered. It can not be presumed that judgments were intended to attach as'liens before the term commenced. At what time, then, does a term of court begin ? It can not be said that a term of court commences before the judges authorized to hold court have convened. There can be no term of court, unless there is a court. To fix a time by law to hold court, does not make a court. If judgments attach only as liens from the beginning of the term of court, they attach from the time on the first day of the term at which the court was duly organized and opened. A majority of the court hold this to be the true construction of tho statute, giving judgment liens. Upon this construction, the mortgage is the older, and therefore the better lien. It is not pretended that any injustice is worked by this construction, because the equity of the mortgage is equal to that of the judgment, and being older, is in fact better; but that it violates the express words of the statute. But if we ^looked to the words only, and not the object of the statute, it-might well be held that the judgment lien only commenced with the second day of the term, the word “/rom” excluding the first. If wo may include a day which the words of the statute exclude, to carry out the object of the law, wo see no reason why we may not exclude a part of a day to effect the same object, especially if right and justice seem to require it.
It may be said, that to permit parties to dispose of, or incumber their property on tho day court begins, but before it actually convenes,, opens a door to fraud. This may now be done up to tho first day, and the construction we give to the statute affords very little further opportunity. But it must be remembered, that a fraudulent disposition of property will not avail against a judgment. With the subject of fraud we have now nothing to do. We are merely attempting to fix tho time at which judgment liens attach under the statute. A judgment lien is not better, and should not prevail against other liens, upon the ground that it is of superior dignity. There is no equity which requires that we should endeavor to extend to it an advantage over other liens honestly acquired. In the present case, there is an honest effort among creditors to secure their debts. Tho one takes a mortgage before the day on which court commences, and hands it in for *97 record on the first day of the term, but before court commences; the other, some days after, but during the same term, recovers a judgment. Now, it is just as equitable that the one should be paid as the other. The mortgage is first in point of timo, and therefore better in equity and law, unless a hard statutory provision deprives it of this advantage. It is claimed that the statute deprives the mortgagee of his rights, and confers them upon the judgment creditor, not upon any principle of equity, but in adherence to the maxim, that the law knows no fractions of a day. But it is equally true, that fiction in law should never be permitted to work a wrong, and the construction %e have given to the statute seems to be warranted by its object and intent, and certainly conforms to the principles of justice and right.
The demurrer is overruled, and the decree heretofore rendered in this case reversed.